**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

WENDI MADER,

             Plaintiff,

v.

EMED LLC, *et al.*

             Defendants.

Civil Action No. 1:26-cv-23258-BB

## DEFENDANTS' MOTION TO ENLARGE PAGE LIMITS FOR BRIEFING ON THEIR OMNIBUS MOTION TO DISMISS

Defendants eMed, LLC; eMed Population Health Inc.; Michael Ferro; and Justin Dearborn (collectively, the "Defendants")[1] seek additional pages for the briefing on their forthcoming Omnibus Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants seek an additional 15 double-spaced pages for their opening brief and Plaintiff's opposition brief, for a total of 35 double-spaced pages for each brief, and an additional 7 pages for Defendants' reply brief, for a total of 17 pages. In support, Defendants state:

1.      On May 8, 2026, Plaintiff filed a 93-page, 496-paragraph Complaint asserting ***twenty-seven counts*** under a mix of federal, Florida, Delaware, and local law against a mix of individual and corporate Defendants.  ECF No. 1.

2.      Defendants' response to the Complaint is due June 27, 2026, pursuant to their waivers of service, executed May 28, 2026.

3.      Defendants intend to move to dismiss all twenty-seven counts of the Complaint.

---

[1]    Putative Defendants eMed Weight Loss, LLC and eMed Population Health, LLC (*f/k/a* eMed Weight Loss, LLC) are not active entities and cannot be served or participate in this action.

1

4.      More specifically, the Complaint asserts: (1) discrimination under Title VII; (2) discrimination under the Florida Civil Rights Act; (3) discrimination under the Miami-Dade County Human Rights Ordinance ("MDHRO") ; (4) hostile work environment under Title VII; (5) hostile work environment under the FCRA; (6) hostile work environment under the MDHRO; (7) retaliation under Title VII; (8) retaliation under the FCRA; (9) retaliation under the MDHRO; (10) violations of the Florida Private Sector Whistleblower Act; (11) retaliatory hostile work environment under Title VII; (12) retaliatory hostile work environment under the FCRA; (13) retaliatory hostile work environment under the MDHRO; (14) breach of contract under Florida law for the Transaction Bonus Plan; (15) breach of contract under Delaware law for the Transaction Bonus Plan; (16) breach of contract under Florida law for the employment relationship; (17) breach of contract under Delaware law for the employment relationship; (18) breach of implied covenant of good faith and fair dealing under Florida law for the Transaction Bonus Plan and employment relationship; (19) breach of implied covenant of good faith and fair dealing under Delaware law for the Transaction Bonus Plan; (20) promissory estoppel under Florida law; (21) promissory estoppel under Delaware law; (22) fraudulent inducement under Florida law; (23) fraudulent inducement under Delaware law; (24) tortious interference under Florida law; (25) tortious interference under Delaware law; (26) civil conspiracy under Florida law; and (27) civil conspiracy under Delaware law.  Compl. ¶¶ 113-496.

5.      Many of Plaintiff's claims contain multiple theories of liability, which vary as to the relevant Defendants.  For instance, her whistleblower claim cites six different statutes and regulations—each requiring its own responsive legal analysis.  *Id.* ¶ 262.

6.      Under Local Rule 7.1(c)(2) and this Court's May 11, 2026 Order Regarding Procedures (ECF No. 4), Defendants are entitled to twenty, double-spaced pages for each of their

motions to dismiss. Rather than file separate briefs, for the convenience of the Parties and the Court, Defendants intend to jointly move to dismiss, in one consolidated omnibus brief.  Due to the volume of claims asserted against the differently situated Defendants, however, Defendants' current working draft is in excess of 40 pages.

7.     While the undersigned are working diligently and in good faith to streamline Defendants' omnibus motion and avoid overburdening the Court with unnecessary argument and authorities, additional pages are needed to adequately address Plaintiff's myriad claims and allegations as to each Defendant.

8.     The requested enlargement equates to only approximately 1 ¼ pages per count.

9.     Courts have granted motions to enlarge the page limit of motions to dismiss under these circumstances. *See Vorsteg v. United States*, 2011 WL 5169353, at *2 (S.D. Fla. Nov. 1, 2011) (granting motion to enlarge page limit, in part, due to the length of the complaint); *cf. Gerber v. Delta Airlines, Inc.,* 1996 WL 557853, at *1 (N.D. Ga. Aug. 6, 1996) (granting motion to enlarge page limit where plaintiff responded to defendants' class certification oppositions in a single brief).

10.    To provide both sides with a fair opportunity to respond to each other's briefs, Defendants also respectfully request that Plaintiffs be granted the same additional 15 pages for her opposition brief, for a total of 35 pages, and that Defendants receive 7 additional pages for their omnibus reply brief, for a total of 17 pages.

WHEREFORE, for the foregoing reasons, the Defendants respectfully request that the Court grant the Defendants' Motion to Enlarge Page Limits for Briefing on their Omnibus Motion to Dismiss and allow Defendants to file an opening brief consisting of 35 double-spaced pages and a reply brief consisting of 17 double-spaced pages, and allow Plaintiff to file an opposition brief

consisting of 35 double-spaced pages, and award other such relief as this Court deems just and proper.

### Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), Defendants' counsel conferred with Plaintiff's counsel on July 20-21, 2026 via telephone and email regarding the relief sought in this Motion. Plaintiff does not agree to the relief sought.

Dated:  July 21, 2026                             Respectfully submitted,

By:   */s/ Shalia Sakona*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Olga Vieira
Florida Bar No. 29783
olgavieira@quinnemanuel.com
Shalia Sakona
Florida Bar No. 107398
shaliasakona@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, Florida 33133
Telephone:  (305) 402-4880

*Counsel for eMed, LLC; eMed Population Health, LLC; Michael Ferro; and Justin Dearborn*

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 21st day of July, 2026, the foregoing was filed electronically and notification of this filing is to be provided to counsel of record by the Court's ECF filing system.

*/s/ Shalia Sakona*
Shalia Sakona
Florida Bar No. 107398