# EXHIBIT 3

# ML | MacDonald Law
###### PLLC

**MacDonald Law, PLLC**
420 SW 7th Street, Suite 1118, Miami, Florida 33130
786.500.9675 | kyle@macdonaldemploymentlaw.com

**July 22, 2025**

**RULE 408 SETTLEMENT COMMUNICATION**

**VIA NEXT DAY AIR & EMAIL**

Jeffrey M. Schumm, Esq.
eMed, LLC
990 Biscayne Blvd, Suite 1501
Miami, Florida 33132

> **RE:    Wendi Mader | Employment Agreement & Potential Claims**

Dear Mr. Schumm:

This firm represents Wendi Mader in connection with her employment with eMed Weight Loss, LLC (the "Company") and the recent actions taken by the Company and its affiliates.

As you know, Ms. Mader has served as the Chief Executive Officer of the Company pursuant to a written Offer of Employment dated August 8, 2024 (the "Agreement"). The Agreement provides for specific compensation and, critically, grants Ms. Mader a ten percent (10%) participation in the eMed Weight Loss, LLC Transaction Bonus Plan. Her leadership was instrumental in the recent $100 million investment into the business and its resulting $2 billion enterprise valuation, making this transaction bonus a significant and well-earned component of her compensation.

The "Change of Position and Entity Offer Letter" presented to Ms. Mader on or about July 9, 2025, from a new entity, eMed Population Health, Inc., is a clear anticipatory repudiation and constructive termination of her Agreement. This new offer attempts to unilaterally demote Ms. Mader from CEO to President, alter her reporting structure, and, most egregiously, extinguish her vested rights under the Transaction Bonus Plan, replacing them with a vague and undefined option grant in a not-yet-existent plan.

This action has effectively terminated Ms. Mader's employment with eMed Weight Loss, LLC, and has triggered the Company's significant contractual and statutory obligations.

Beyond the clear breach of contract, we have substantial grounds to believe that the actions leading to this separation were motivated by other improper factors which give rise to further significant

claims under both state and federal law. The public disclosure of the facts and circumstances surrounding this dispute, including matters of corporate governance and internal business practices, would pose a significant and unnecessary risk to the Company's reputation and its relationships with key stakeholders and recent investors.

Finally, this letter serves as formal notice to the Company of its legal obligation to take all reasonable steps to preserve all documents and electronically stored information potentially relevant to Ms. Mader's employment and the claims asserted herein, including but not limited to all emails, internal communications, and board-level documents discussing her position, performance, and the "Change of Position" offer.

Our client would prefer to resolve this matter amicably and confidentially. To that end, we are prepared to engage in a pre-litigation discussion to negotiate a comprehensive separation agreement that fairly compensates Ms. Mader for the breach of her Agreement and the full value of her claims.

We expect a substantive response from you or your designated outside counsel within seven (7) days of your receipt of this letter. Should we not receive a response, we will be forced to advise our client to pursue all available legal remedies to protect her interests.

We trust that will not be necessary and look forward to a professional and productive dialogue.

Sincerely,

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

MacDonald Law, PLLC
420 SW 7th St, Suite 1118
Miami, FL 33130
Tel: (786) 500-9995
kyle@macdonaldemploymentlaw.com

cc: Wendi Mader