**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

WENDI MADER,

                Plaintiff,

v.                                                                   Civil Action No. 1:26-cv-23258-BB

EMED LLC, *et al.*

                Defendants.

**DEFENDANTS' MOTION TO ENLARGE PAGE LIMITS FOR BRIEFING ON THEIR**
**OMNIBUS MOTION TO DISMISS AMENDED COMPLAINT**

Defendants eMed, LLC; eMed Population Health Inc.; Michael Ferro; and Justin Dearborn (collectively, the "Defendants") seek additional pages for the briefing on their forthcoming Omnibus Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants seek an additional 15 double-spaced pages for their opening brief and Plaintiff's opposition brief, for a total of 35 double-spaced pages for each brief, and an additional 7 pages for Plaintiff's reply brief, for a total of 17 pages. In support, Defendants state:

1.      On May 8, 2026, Plaintiff filed a 93-page, 496-paragraph Complaint asserting twenty-seven counts.

2.      Defendants filed an Omnibus Motion to Dismiss the Complaint on July 27, 2026. ECF No. 15. Prior to filing that motion, Defendants sought and obtained the same enlargement of pages that they seek by way of the present Motion. ECF No. 13. Their original Omnibus Motion to Dismiss required the full 35 double-spaced pages allotted by the Court.

3.      On August 6, 2026, Plaintiff filed a 98-page, 484-paragraph Amended Complaint alleging twenty-six counts under a mix of federal, Florida, Delaware, and local law, against both

individual and corporate Defendants.  ECF No. 16. The Amended Complaint removed only one count from the original Complaint, a duplicate claim for "Civil Conspiracy," under Delaware law (Plaintiff still purports to assert a claim for "Civil Conspiracy" under Florida law).

4.     The Amended Complaint failed to cure the defects plaguing the original Complaint, and Defendants again intend to move to dismiss all counts with prejudice, based on substantially the same arguments as those previously asserted in their original Omnibus Motion to Dismiss. They therefore expect that their Omnibus Motion to Dismiss the Amended Complaint, which is due to be filed on August 20, 2026, will require the same 35 pages that the original Motion to Dismiss required.

5.     The Complaint purports to assert the following claims: (1) discrimination under Title VII; (2) discrimination under the Florida Civil Rights Act; (3) discrimination under the Miami-Dade County Human Rights Ordinance ("MDHRO"); (4) hostile work environment under Title VII; (5) hostile work environment under the FCRA; (6) hostile work environment under the MDHRO; (7) retaliation under Title VII; (8) retaliation under the FCRA; (9) retaliation under the MDHRO; (10) violations of the Florida Private Sector Whistleblower Act; (11) retaliatory hostile work environment under Title VII; (12) retaliatory hostile work environment under the FCRA; (13) retaliatory hostile work environment under the MDHRO; (14) breach of contract under Florida law for the Transaction Bonus Plan; (15) breach of contract under Delaware law for the Transaction Bonus Plan; (16) breach of contract under Florida law for the employment relationship; (17) breach of contract under Delaware law for the employment relationship; (18) breach of implied covenant of good faith and fair dealing under Florida law for the Transaction Bonus Plan and employment relationship; (19) breach of implied covenant of good faith and fair dealing under Delaware law for the Transaction Bonus Plan; (20) promissory estoppel under

Florida law; (21) promissory estoppel under Delaware law; (22) fraudulent inducement under Florida law; (23) fraudulent inducement under Delaware law; (24) tortious interference under Florida law; (25) tortious interference under Delaware law; and (26) civil conspiracy under Florida law.

6.       Many of Plaintiff's claims contain multiple theories of liability, which vary as to the relevant Defendants. For instance, her whistleblower claim cites six different statutes and regulations—each requiring its own responsive legal analysis.  *Id.* ¶ 262.

7.       Under Local Rule 7.1(c)(2) and this Court's May 11, 2026 Order Regarding Procedures (ECF No. 4), Defendants are entitled to twenty, double-spaced pages for each of their motions to dismiss. Rather than file separate briefs, for the convenience of the Parties and the Court, Defendants intend to jointly move to dismiss, in one consolidated omnibus brief.

8.       While the undersigned will work diligently and in good faith to streamline Defendants' Omnibus Motion to Dismiss the Amended Complaint and avoid overburdening the Court with unnecessary argument and authorities, additional pages are needed to adequately address Plaintiff's myriad claims and allegations as to each Defendant.

9.       The requested enlargement equates to only approximately 1 $^{1/3}$ pages per count.

10.       Courts have granted motions to enlarge the page limit of motions to dismiss under these circumstances. *See Vorsteg v. United States*, 2011 WL 5169353, at *2 (S.D. Fla. Nov. 1, 2011) (granting motion to enlarge page limit, in part, due to the length of the complaint); *cf. Gerber v. Delta Airlines, Inc.,* 1996 WL 557853, at *1 (N.D. Ga. Aug. 6, 1996) (granting motion to enlarge page limit where plaintiff responded to defendants' class certification oppositions in a single brief).

11.       To provide both sides with a fair opportunity to respond to each other's briefs, Defendants also respectfully request that Plaintiffs be granted the same additional 15 pages for her

opposition brief, for a total of 35 pages, and that Defendants receive 7 additional pages for their omnibus reply brief, for a total of 17 pages.

WHEREFORE, for the foregoing reasons, the Defendants respectfully request that the Court grant the Defendants' Motion to Enlarge Page Limits for Briefing on their Omnibus Motion to Dismiss Amended Complaint and allow Defendants to file an opening brief consisting of 35 double-spaced pages and a reply brief consisting of 17 double-spaced pages, and allow Plaintiff to file an opposition brief consisting of 35 double-spaced pages, and award other such relief as this Court deems just and proper.

### Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), Defendants' counsel conferred with Plaintiff's counsel on August 7, 2026 regarding the relief sought in this Motion. Plaintiff does not agree to the relief sought.

Dated:  August 10, 2026                     Respectfully submitted,


By:   */s/ Shalia Sakona*
      **QUINN EMANUEL URQUHART &**
      **SULLIVAN, LLP**
      Olga Vieira
      Florida Bar No. 29783
      olgavieira@quinnemanuel.com
      Shalia Sakona
      Florida Bar No. 107398
      shaliasakona@quinnemanuel.com
      2601 South Bayshore Drive, Suite 1550
      Miami, Florida 33133
      Telephone:  (305) 402-4880

      *Counsel for eMed, LLC; eMed Population Health,*
      *Inc.; Michael Ferro; and Justin Dearborn*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 10th day of August, 2026, the foregoing was filed electronically and notification of this filing is to be provided to counsel of record by the Court's ECF filing system.

/s/ Shalia Sakona

Shalia Sakona
Florida Bar No. 107398