**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

WENDI MADER,

      Plaintiff,

v.                                  CASE NO.: 1:26-CV-23258-BB

EMED, LLC,
EMED POPULATION HEALTH, INC.,
f/k/a EMED POPULATION HEALTH, LLC,
f/k/a EMED WEIGHT LOSS, LLC,
MICHAEL FERRO, and
JUSTIN DEARBORN,

      Defendants.

_____/

## JOINT SCHEDULING REPORT

Plaintiff, WENDI MADER, and Defendants, EMED, LLC, EMED POPULATION HEALTH, INC., MICHAEL FERRO, and JUSTIN DEARBORN, by and through their undersigned counsel, pursuant to S.D. Fla. L.R. 16.1(b) and the Court's Paperless Order, ECF No. 4, hereby jointly submit this Joint Scheduling Report.

**I.**      **Case Management Track Assignment**

The Parties propose that this case be assigned to the standard track under Local Rule 16.1(a).

**II.**      **Proposed Schedule**

| Deadline | Date |
| --- | --- |
| Selection of Mediator and Scheduling of Mediation | September 16, 2026 |
| Deadline to Amend Pleadings and Join Parties | October 9, 2026 |
| Disclosure of Expert Witnesses and Exchange of Expert Reports | January 15, 2027 |
| Completion of Mediation and Filing of Mediation Report | January 29, 2027 |
| Exchange of Rebuttal Expert Witness Reports | February 12, 2027 |

| Completion of All Discovery, Including Expert Discovery | May 6, 2027 |
|---|---|
| Deadline for All Dispositive Pretrial Motions and Daubert Motions | June 26, 2027 |
| Deadline for Submission of Joint Pretrial Stipulation, Proposed Jury Instructions, and Verdict Form | August 25, 2027 |
| Calendar Call | September 28, 2027 |
| Two-Week Trial Calendar | Week of October 4, 2027 |

### III.     Likelihood of Settlement

At this stage, the Parties are unable to determine whether there is a likelihood of settlement. However, the Parties will explore in good faith any possibility of resolving this case throughout the course of the litigation.

### IV.     Likelihood of Appearance of Additional Parties

At this time, the Parties do not anticipate the appearance of additional parties. In the event the Parties identify additional parties through discovery, the Parties will seek to join them in accordance with the Court's procedures and the deadlines set forth in the scheduling order.

### V.     Proposals for the Formulation and Simplification of Issues, Including the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment

The Parties have proposed a deadline of June 26, 2027, for the filing of motions for summary judgment or partial summary judgment.

Defendants will file an Omnibus Motion to Dismiss the Amended Complaint, seeking dismissal with prejudice of all counts asserted in the action.

### VI.     Necessity or Desirability of Amendments to the Pleadings

None anticipated at this time, absent any amendments that may become necessary based on the outcome of Defendants' forthcoming motion to dismiss the Amended Complaint.

**VII.** **<u>Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence</u>**

The Parties will seek to utilize stipulations and admissions to streamline the presentation of evidence and avoid unnecessary proof where possible. The Parties will confer regarding stipulations of authenticity and admissibility following the exchange of initial disclosures and as discovery progresses.

**VIII.** **<u>Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence</u>**

At this time, the Parties do not have suggestions for the avoidance of unnecessary proof or cumulative evidence.

**IX.** **<u>Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master</u>**

None at this time.

**X.** **<u>Preliminary Estimate of the Time Required for Trial</u>**

Plaintiff anticipates that this jury trial will require approximately five to seven days.

Defendant anticipates that trial in this matter would take approximately three days, though the necessary time will depend on the resolution of dispositive motions, including Defendants' forthcoming Omnibus Motion to Dismiss the Amended Complaint.

**XI.** **<u>Issues Regarding Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced; Claims of Privilege or of Protection as Trial-Preparation Materials</u>**

The Parties agree that ESI shall be produced to the requesting party in a commercially reasonable manner, including the relevant metadata (e.g., creation date, modification date, authorship), unless otherwise agreed. If a party requests documents that are stored in a readily accessible electronic format, the producing party may provide the requesting party copies of the documents in .pdf format with Bates numbering, provided that such format retains all metadata

from the native format. If the receiving party determines in good faith that production of a document in .pdf format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it. The Parties agree to produce pictures and videos in their original digital format, to the extent technically feasible. To the extent electronically stored information is not readily accessible, the Parties agree to follow the guidelines provided in Rule 26(b)(2)(B). The Parties will collaborate to establish search terms and identify custodians for email searches.

Regarding claims of privilege, the Parties agree that inadvertent production of privileged documents shall not constitute a waiver of the attorney-client privilege or work product protection, and the Parties shall promptly return any inadvertently produced privileged materials upon notice. The Parties request that the Court include this agreement in an order under Federal Rule of Evidence 502.

**XII.** **Proposed Use of Manual on Complex Litigation and Rule Variations**

None at this time.

Respectfully submitted on August 10, 2026,

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No. 1038749
MacDonald Law, PLLC
420 SW 7th Street, Suite 1118
Miami, FL 33130
Tel: (305) 946-1884
kyle@macdonaldemploymentlaw.com

*Counsel for Plaintiff*

By: */s/ Shalia Sakona*
Shalia Sakona
Florida Bar No. 107398
shaliasakona@quinnemanuel.com
Olga Vieira
Florida Bar No. 29873
olgavieira@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone:  (305) 402-4880

*Counsel for Defendants*

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 1:26-CV-23258-BB**

WENDI MADER,

       Plaintiff,

v.

EMED, LLC,
EMED POPULATION HEALTH, INC.,
f/k/a EMED POPULATION HEALTH, LLC,
f/k/a EMED WEIGHT LOSS, LLC,
MICHAEL FERRO, and
JUSTIN DEARBORN,

       Defendants.

                            /

**ELECTION TO JURISDICTION BY A UNITED STATES**
**MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS**

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

| | | | |
|---|---|---|---|
| 1. | Motions for Costs | Yes ☐ | No ☒ |
| 2. | Motions for Attorney's Fees | Yes ☐ | No ☒ |
| 3. | Motions for Sanctions | Yes ☐ | No ☒ |
| 4. | Motions to Dismiss | Yes ☐ | No ☒ |
| 5. | Motions for Summary Judgment | Yes ☐ | No ☒ |

Dated: August 10, 2026,

/s/ Kyle T. MacDonald
Counsel for Plaintiff

/s/ Shalia Sakona
Counsel for Defendants

5

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 10th day of August, 2026, a true and correct copy of the foregoing document was served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

6