**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-23258-KUNTZ**

**WENDI MADER,**

Plaintiff,

v.

**EMED, LLC,** *et al.*

Defendants.
_________________________________/

**ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING DISCOVERY TO MAGISTRATE JUDGE**

**THIS CAUSE** comes before the Court on receipt of the Joint Scheduling Report [ECF 21]. Accordingly, it is **ORDERED AND ADJUDGED** that:

## I. Trial Logistics

This case is set for trial during the Court's two-week trial calendar beginning **October 4, 2027**. Counsel for represented parties must appear for a calendar call scheduled at **10:00 a.m.** on **October 1, 2027**. Until advised by subsequent order, parties should anticipate trial in Courtroom 202A of the U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida.

## II. Motions Practice

Any pretrial motions must contain a proposed order (granting), including an up-to-date service list of any counsel of record in the case. Such orders should reach kuntz@flsd.uscourts.gov in Word format. Both the subject line and attachments should include a case number. Moreover, the body of any email should offer a short description of any attachments.

## III. Pretrial Schedule

Local Rules 16.1 and 26.1 govern pretrial discovery in tandem with the Federal Rules of Civil Procedure. Parties should not expect a pretrial conference, except for if the Court, *sua sponte*, determines that such a conference is necessary. Therefore, in setting the following deadlines, the Court has carefully considered parties' suggested schedule for discovery and other deadlines. This Order does not exclude other preexisting commitments between the parties, even if unmentioned, and such external agreements should remain in effect where they do not conflict with the schedule below. To that end, should a conflict arise between this Order and any of the Local Rules, this Order controls. Deadlines are now as follows:

| EVENT | DEADLINE |
|---|---|
| Motions to Amend Pleadings/Add Parties | October 9, 2026 |
| Selection of Mediator and Notice of Mediation | November 12, 2026 |
| Exchange of Expert Witness Summaries and/or Reports | March 1, 2027 |
| Exchange of Rebuttal Expert Witness Summaries and/or Reports | March 15, 2027 |
| Discovery Cutoff | March 27, 2027 |
| Mediation Cutoff and Filing of Mediation Report | April 10, 2027 |
| All Pretrial Motions and *Daubert* Motions | May 26, 2027 |
| Exchange of Witness and Exhibit Lists | June 9, 2027 |

| | |
|---|---|
| Motions *in Limine – Limited to One Per Party* | June 30, 2027 |
| Mandatory Joint Pretrial Stipulation, Jury Instructions and/or Proposed Findings of Fact & Conclusions of Law | September 6, 2027 |
| *Voir Dire* Questions | September 6, 2027 |
| Exhibit List for Court and Notebook of all Exhibits | Calendar Call |
| Witness List for Court | Calendar Call |

## IV. Additional Deadlines and Requirements

i. **Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all pretrial non-dispositive and discovery matters are hereby referred to United States Magistrate Judge Marty Fulgueira Elfenbein. Additionally, consistent with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Elfenbein. **However, the deadline for submitting a consent is May 26, 2027.**

ii. **Good Faith Conferral**. To promote compliance with the conferral requirement of Local Rule 7.1(a)(2), the parties are instructed that a single e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. Instead, parties must confer telephonically or in person.

**iii.** **Joint Filings**. Multiple Plaintiffs or Defendants shall file joint motions (and responses to motions) with co-parties unless there are clear conflicts of position. If conflicts of position exist, parties shall explain the conflicts in their separate motions (and responses).

**iv.** **Selection of Mediator and Mediation Procedures**. The parties shall select a mediator pursuant to Local Rule 16.2, shall schedule a time, date and place for mediation, and shall jointly **file a proposed order scheduling mediation** in the form specified on the Court's website, http://www.flsd.uscourts.gov. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. Within **seven (7) days** of mediation, the parties are required to file a mediation report with the Court. Pursuant to the procedures outlined in the CM/ECF Administrative Procedures, the proposed order is be emailed to kuntz@flsd.uscourts.gov in Word format.

**v.** **Motion to Dismiss**. Any motion to dismiss must contain all bases for dismissal, stay, abstention, or other similar relief the parties intend to raise. Thus, parties may not file a motion to dismiss and then a separate motion for abstention. However, nothing in this Order precludes the

parties from raising non-waivable jurisdictional defenses at a later point.

**vi.** **Discovery**. Parties can stipulate to extend the time to answer interrogatories, produce documents, and answer other requests for admissions. But the parties shall not file notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Otherwise, such a stipulation requires approval from the Court. *See* FED. R. CIV. P. 29. Under Local Rule 26.1(b), the parties may not file notices of deposition or notices of taking or serving discovery of any kind. The Court requires strict compliance with the Local Rules, particularly with respect to motions practice. *See* S.D. FLA. L.R. 7.1.

**vii.** **Discovery Disputes**. **The parties may not file any written discovery motions, including motions to compel, for protective order, or for sanctions, without the consent of the Magistrate Judge.** Counsel must actually confer and engage in reasonable compromise in a genuine attempt to resolve discovery disputes before seeking intervention by the Court, which may impose sanctions, monetary or otherwise, if a party improperly sought or withheld discoverable material in bad faith. After conferring, if the parties are still unable to resolve their differences regarding discovery, they shall **not** file written motions. Rather, the "moving party" shall follow

Magistrate Judge Elfenbein's standard discovery procedures. Accordingly, should the parties have any questions about discovery issues, their counsel of record should contact Magistrate Judge Elfenbein's chambers at (305) 523-5740.

**viii.** **<u>Summary Judgment</u>**. Parties must comply with Local Rule 56.1. Otherwise, noncompliance with the Local Rules may result in the Court striking the deficient filing and requiring compliance forthwith. Further, this Court may grant an opposing party relief or enter any other sanction as deemed appropriate.

A motion for summary judgment—and any response in opposition—must also include a Statement of Material Facts, where each material fact is supported by **pincites** to relevant parts of record materials, such as depositions, answers to interrogatories, admissions, and affidavits. Such pincites shall reference specific pages (and, if appropriate, line numbers, too), designate the number and title of exhibits where necessary, and provide the proper ECF number always (*e.g.*, "ECF 1 at page 1" or "*Id.* at pages 1 and 2"). When a material fact requires specific evidentiary support, general citations to an exhibit without a pincite (*e.g.*, "Smith Affidavit" or "Jones Deposition" or "Exhibit A") are **non-compliant** and bound to be stricken.

All material facts in any party's Statement of Material Facts **may be deemed admitted** if not controverted by an opposing party's

Statement of Material Facts, so long as: (i) the Court finds that the material fact at issue is **supported by properly cited record evidence**; and (ii) no other exception applies under FED. R. CIV. P. 56.

Lastly, under Local Rule 56.1(a), parties shall file a Joint Statement of Undisputed Facts, including all relevant facts about which there is no material dispute. Each undisputed fact shall be numbered by item and separated by paragraph. This filing may not exceed 10 pages, but mere filing does not discharge all obligations under Local Rule 56.1. The Joint Statement of Undisputed Facts is also due **one day** after a party opposing summary judgment files a response to the Statement of Material Facts.

**ix.** ***Daubert* Motions**. Each party is limited to filing one *Daubert* motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit may be granted. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**x.** **Motions *in Limine***. Each party is limited to filing one motion *in limine*. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

**xi.** ***Voir Dire* Questions**. The Court shall require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions for use in the questionnaire. The proposed questions must be filed with the Court at the time of filing the joint pretrial stipulation and must be submitted to the Court, in Word format, via e-mail to kuntz@flsd.uscourts.gov. The Court shall conduct *voir dire* by questioning the venire individually and collectively, and while limited attorney-directed *voir dire* is permitted, backstriking of jurors is not allowed.

**xii.** **Jury Instructions and Verdict Form**. Although parties need not agree on each proposed instruction, they shall submit their proposed jury instructions and verdict form jointly. An instruction lacking any agreement shall be marked in bold. Furthermore, instructions proposed only by a plaintiff shall be underlined, whereas instructions proposed by a defendant shall be italicized. All instructions require supporting citations to authority, and as such, the parties shall consult the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including its directions to counsel. Any proposed instruction that **modifies** an instruction in light of the Eleventh Circuit's Pattern Jury Instructions must **both** note the modification **and** delineate the modification in redline or track changes. Prior to a calendar call, proposed jury instructions and a

verdict form, including substantive charges and defenses, are due in Word format to kuntz@flsd.uscourts.gov. For instructions on filing proposed documents, please see www.flsd.uscourts.gov.

**xiii.** **Trial Exhibits**. All trial exhibits must be pre-marked. The Plaintiff's exhibits need numerical marking with the letter "P" as a prefix, and the Defendant's exhibits need numerical marking with the letter "D" as a prefix. The parties must submit a list identifying all exhibits by the date of calendar call. That list must indicate any pre-marked identification label (*e.g.*, "P-1" or "D-1") and include a brief description of the exhibit.

**xiv.** **Settlement Notification**. If this matter is settled before judgment is entered, counsel shall inform the Court promptly via e-mail at kuntz@flsd.uscourts.gov and, if helpful, by telephone at (954) 769-5680.

DONE in Fort Lauderdale, Florida on September 16, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record